Filed 12/9/21  P. v. Stevens CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYAN STEVENS,<br>    Defendant and Appellant. | A162531<br><br>(City and County of San Francisco<br>Super. Ct. No. 226671) |

On November 17, 2016, the San Francisco District Attorney filed a 17-count information charging defendant Bryan Stevens with various criminal acts occurring between April 22, 2016 and October 22, 2016. All the charged offenses arose from several incidents between defendant and the victim, who lived in separate apartments in the same complex, culminating in defendant firing a gunshot through the front door of the victim's apartment.

On April 6, 2020, defendant, having waived his rights, pleaded guilty to the following six offenses: (1) stalking the victim between April 22, 2016 and October 22, 2016 (Pen. Code,[1] § 646.9, subd. (a)); (2 and 3) shooting a firearm through and vandalizing the front door of the

---

[1]     All statutory references are to the Penal Code.

1

victim's apartment (§§ 264, 594, subd. (b)(2)(A)); and (4, 5, and 6) being a felon in possession of a firearm (§ 29800, subd. (a)(1)), carrying a concealed firearm (§ 25400, subd. (a)(2)), and carrying a loaded firearm in public (§ 25850, subd. (a)(1)). In exchange for his plea, the court promised that defendant would be sentenced to an aggregate 10-year sentence, with the understanding defendant would waive any potential section 654 issues as to any counts and the remaining counts would be dismissed. Defendant was informed he would be required to pay victim restitution.

On May 11, 2020, defendant was sentenced to the promised 10-year term, with a total credit for time served of 2,638 days. The court also issued a 10-year criminal protective order for the victim against defendant. The matter was continued for a hearing to address defendant's objections to the victim's request for restitution in the sum of $13,135.86.

At the restitution hearing held on February 17 and April 2, 2021, the court considered counsels' arguments and admitted into evidence the parties' memoranda and exhibits regarding the victim's restitution request. In her written statement, the victim explained that her claimed expenses were incurred as a result of defendant's "extreme stalking" that threatened her personal safety. Specifically, she had to stay in a hotel and purchase meals "as [her] home residence was deemed unsafe by SFPD [San Francisco Police Department]" until she could move, had to move, and had to hire an attorney to secure a "Civil Restraining Order" against defendant.

The court awarded the victim restitution in the sum of $9,135.86, consisting of $1,834.15 for hotel expenses, $807.52 for meal expenses,

$6,111.82 for relocation expenses, and $382.37 for miscellaneous expenses. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1046 ["a trial court may compensate a victim for any economic loss which is proved to be the direct result of the defendant's criminal behavior, even if not specifically enumerated in the [restitution] statute"].) The court also awarded the sum of $2,000 for attorney fees incurred in obtaining a temporary civil harassment restraining order against defendant. (*People v. Kelly* (2020) 59 Cal.App.5th 1172, 1180 ["[r]estitution may include expenses [attorney fees and costs] incurred to protect the crime victim from the defendant"].) In so ruling, the trial court found the victim's claimed expenses were reasonable and related to defendant's criminal conduct for which he pleaded guilty, and rejected defendant's objections to the sufficiency of the prosecution's evidence of the victim's losses. (*People v. Prosser* (2007) 157 Cal.App.4th 682, 690 [" '[i]n determining the amount of restitution, all that is required is that the trial court "use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious" ' "].)

Defendant filed a notice of appeal, challenging the April 2, 2021 victim restitution order. Appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. Appellate counsel has averred defendant was advised of his right to file a supplemental brief, but he has not filed such a brief. Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the April 2, 2021 victim restitution order.

3

**DISPOSITION**

The April 2, 2021 victim restitution order is affirmed.

_____

Petrou, J.

WE CONCUR:

_____

Fujisaki, Acting P.J.

_____

Rodriguez, J.

_People v. Stevens/A162531_

5